998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dale W. KUNKEL, Appellant,
v.
Dick MOORE; Paul K. Delo; Don Roaper; Fred Johnson;
Donna McCondichie; Rhonda Pash; Charles W. Harris; Lt.
William Govers; Robert J. March; George A. Lombardi; Les
Davis; George Jones; Randy Thomas; Frank Bosworth, in
their individual capacities and as employees of the State of
Missouri; Cathy Stuart; Earnnie Jarvis; Patricia Ghelbach;
Dr. Unknown Cayabyab, Appellees.
Dale W. Kunkel, Appellant,
v.
George A. Lombardi; Dick D. Moore; Paul K. Delo; Fred
Johnson; Rhonda J. Pash; Rick Coleman; Charles
W. Harris; Cathy Stuart; Dr. P.
Cayabyab, Appellees.
Dale W. Kunkel, Appellant,
v.
George A. Lombardi; Dick D. Moore; Paul K. Delo; Cathy
Stuart; Fred Johnson; Rhonda J. Pash; Rick
Coleman; Frank Bosworth; Unknown
Jarvis, COI; Patricia
Ghelbach, Appellees.
Dale W. Kunkel, Appellant,
v.
Cathy Stuart; Missouri Department of Corrections, Appellees.
 Nos. 92-3495, 92-3493, 92-3504, 92-3505.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1993.
Filed: July 21, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dale W. Kunkel, a Missouri inmate, appeals from the district court's[1] order entering judgment in favor of defendant prison officials following a non-jury trial. We affirm.
 
 
 2
 Kunkel claimed, inter alia, that defendants were deliberately indifferent to his serious medical needs, in that they deprived him of his medically prescribed metal knee brace while he was in administrative segregation, and the lack of a brace caused him to fall and to require surgery. The magistrate judge determined Kunkel's allegation that this surgery was caused by defendants' denial of his knee brace was not supported by the evidence, and Kunkel's testimony that he had injured his knee by falling in his cell was not credible. Kunkel timely appealed.
 
 
 3
 We review factual findings for clear error, and may not reverse unless the review of the record leaves the court " 'with the definite and firm conviction that a mistake has been committed.' " Burgin v. Iowa Dept. of Corrections, 923 F.2d 637, 639 (8th Cir. 1991) (per curiam) (quoted case omitted). We agree with the magistrate judge that the evidence did not support Kunkel's allegation that the lack of a knee brace caused his fall and caused instability in his knee, one or both of which necessitated surgery. Kunkel has not pointed to any supporting trial evidence except for his doctor's letter requesting approval for the surgery at issue. The letter, however, does not mention any fall or the fact that Kunkel did not have access to his knee brace. Nor do any of the doctor's other communications indicate that the alleged fall, or lack of the brace, led to subsequent problems or surgery. Further, aside from his own testimony, there was no evidence supporting Kunkel's allegation that he injured his knee by falling in his cell. The magistrate judge did not clearly err in choosing not to believe Kunkel's testimony. See Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 186 (8th Cir. 1990) (clearly-erroneous standard applies to credibility determinations).
 
 
 4
 We do not review those claims that Kunkel did not brief on appeal. See United States v. Cammisano, 917 F.2d 1057, 1061 n.1 (8th Cir. 1990) (issues not briefed on appeal are presumed abandoned).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)